UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| STELLA HENRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:05-CV-400 |
| | ) | (VARLAN/SHIRLEY) |
| ASBURY PLACE & ASSOCIATES, | ) | |
| and ASBURY CENTERS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM OPINION

## I.   Introduction

This civil action is before the Court on defendant's Motion to Dismiss and/or for Summary Judgment [Doc. 4]. As set forth in defendant's supporting memorandum and as reflected by the record, plaintiff Stella Henry, acting *pro se*, filed this action on August 23, 2005 [Doc. 1]. As grounds for her complaint, plaintiff asserts "1st Amendment Violation, Discrimination, Civil Rights Violation, Wrongful Termination." [*Id*. at p. 1.] Plaintiff's demand for judgment seeks "Emotional Distress, Defamation of Character, Punitive Damage, $2,000,000.00 Settlement." [*Id*. at p. 4.]

On January 3, 2006, the Court entered an order [Doc. 2] directing the plaintiff to show cause why the case should not be dismissed for failure to achieve service of process on either defendant within the time specified by Fed. R. Civ. P. 4(m). On January 17, 2006, counsel for the defendants filed a notice of appearance and then filed the pending motion to dismiss on January 18, 2006. On January 20, 2006, plaintiff submitted a response to the show cause

order in which she stated that she assumed she had one year to achieve service on the defendants and requesting that her case not be dismissed.

Plaintiff did not respond to the defendant's motion to dismiss and the time for doing so has passed. *See* L.R. 7.1(a), 7.2. On March 31, 2006, the Court entered another order [Doc. 7] directing plaintiff to show cause why the case should not be dismissed for failure to prosecute. The Court has received no response to the latest order and no further information or pleadings from the plaintiff.

For the reasons set forth herein, the defendant's motion to dismiss and/or for summary judgment will be **GRANTED**.

## II. Relevant Facts

In her complaint, plaintiff states that she is a private patient caregiver. [Doc. 1 at pp. 2-3.] Plaintiff states that in April 2004, a complaint was entered at Asbury Place concerning patient care and a nurse. [*Id.* at p. 2.] Months went by and plaintiff heard nothing. She was treated very unprofessionally by the nursing director. She was told that she had no right to complain and that she "had the nerve to put it in writing." [*Id.*] She was then told that she could no longer work in that facility. Ms. Henry states that she wanted to voice her opinion on elder care at Asbury Place. [*Id.* at p.3.] She states that a contact was made to "Higer [sic] Authority for a Sit Down Talk Meeting." She concludes by stating that "it was agreed to have a talk with a discussion. It was agreed also my rights were violated. I was asked to let Authority handle it and that mission was never accomplished." [*Id.*]

2

In support of the pending motion, defendants have filed the Affidavit of Diana Nelson [Doc. 4-2]. Ms. Nelson is the Executive Vice President of Operations for Asbury, Inc. at its Maryville, Tennessee facility. [*Id*. at ¶ 2.]

During the first week of April, 2004, Ms. Nelson found a letter on her desk that had apparently been delivered by Stella Henry. It was not dated. Ms. Nelson knew Ms. Henry as the private attendant (also called "sitter") for one of their residents. Sitters are not employed by Asbury, so neither Ms. Nelson nor any other Asbury manager was Ms. Henry's supervisor, nor did Ms. Nelson control her employment relationship. Ms. Nelson believes that Ms. Henry was employed by *We Sit Better of Knoxville*, an agency that the families of some residents occasionally contract with to provide additional care for their family members beyond Asbury's normal services. [*Id*. at ¶ 3.]

Shortly after the letter was delivered, Ms. Nelson learned that Ms. Henry's assignment with the resident had been ended, and she was not longer providing services at Asbury. Ms. Nelson never spoke with Ms. Henry about the letter, but learned that Ms. Henry had a meeting with Asbury's CEO, Bernie Bowman later in April 2004. Ms. Nelson received no further contact from Ms. Henry after that. [*Id*. at ¶ 4.]

In Ms. Henry's letter, she makes several statements about residents and Asbury employees. Ms. Nelson passed this letter on to the Director of Nursing, Barb Hunkeler, who then gave a copy to the nurse who supervises the floor of the resident for whom Ms. Henry provided care. It is Ms. Nelson's understanding that the nurse supervisor followed up with the Asbury employees mentioned in the letter. Since Ms. Henry was not an employee of

3

Asbury, and was no longer assigned to the facility, there was no further discussion with her about the issues she raised in the letter. [*Id.* at ¶ 5.]

In discussing the complaints and concerns raised by Ms. Henry, the Director of Nursing, the nurse supervisor and Ms. Nelson learned that none of the statements made by Ms. Henry that alleged behavior on the part of Asbury employees were substantiated. Asbury did not investigate the claims related to other personal attendants or their relationships with their employers. [*Id.* at ¶ 6.]

### III.   Standard of Review

Because defendants have submitted and relied in part upon the Affidavit of Diana Nelson which sets forth matters not contained in the pleadings, the Court will treat the defendants' motion as a motion for summary judgment. Fed. R. Civ. P. 12(b). Under Fed. R. Civ. P. 56(c), summary judgment is proper if "the pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." The burden of establishing there is no genuine issue of material fact lies upon the moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 n.2 (1986). The court must view the facts and all inferences to be drawn therefrom in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Burchett v. Kiefer*, 310 F.3d 937, 942 (6th Cir. 2002). To establish a genuine issue as to the existence of a particular element, the non-moving party must point to evidence in the record

upon which a reasonable jury could find in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The genuine issue must also be material; that is, it must involve facts that might affect the outcome of the suit under the governing law. *Id.*

The judge's function at the point of summary judgment is limited to determining whether sufficient evidence has been presented to make the issue of fact a proper jury question, and not to weigh the evidence, judge the credibility of witnesses, and determine the truth of the matter. *Id.* at 249. Thus, "[t]he inquiry performed is the threshold inquiry of determining whether there is the need for trial - whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id.* at 250.

**IV. Analysis**

Defendants present several arguments in support of the motion to dismiss. First, defendants argue that plaintiff's claims should be dismissed due to insufficiency of service of process pursuant to Fed. R. Civ. P. 12(b)(5) because the defendants did not receive proper service within the 120-day limit set forth in Fed. R. Civ. P. 4(m). Second, defendants argue that plaintiff's claims are barred by the applicable statutes of limitation. Third, defendants argue that plaintiff has failed to state a claim upon which relief may be granted because her factual allegations fail to address material elements required to support her claims. Finally, defendants argue that plaintiff's claims should be dismissed for lack of subject matter jurisdiction because plaintiff has failed to establish appropriate jurisdictional grounds.

Because the Court agrees for more than one reason that plaintiff's complaint should be dismissed, the Court need not address all of the arguments raised by the defendants.

As to the statute of limitations arguments, defendants contend that any allegations to support plaintiff's complaint would have occurred as of the date of a letter she delivered to Ms. Nelson. The letter is undated, but was delivered during the first week of April, 2004. The Court notes that plaintiff's complaint also references a complaint entered in April 2004. Defendant argues that the one-year statute of limitations for each of plaintiff's claims bars her from asserting them inasmuch as the complaint was not filed until August 23, 2005, more than one year later.

With respect to plaintiff's "First Amendment Violation" claim, such a claim may only be pursued through the mechanism of 42 U.S.C. § 1983. *See Maine v. Thiboutot*, 448 U.S. 1, 4 (1980); *Wayne v. Village of Sebring*, 36 F.3d 517, 528 (6th Cir. 1994), *cert. denied*, 514 U.S. 1127 (1995) (§ 1983 provides a private cause of action for violations of federal statutes as well as the Constitution). It is well settled that actions alleging a violation of civil rights under § 1983 must be brought within the one-year limitations period in Tenn. Code Ann. § 28-3-104(a)(3). *Sharpe v. Cureton*, 319 F.3d 259, 266 (6th Cir.), *cert. denied*, 540 U.S. 876 (2003); *Hughes v. Vanderbilt Univ.*, 215 F.3d 543, 547 (6th Cir. 2000).

Moreover, there is no evidence that the defendants are governmental entities, agencies, or employers such as to act under color of law as required by § 1983. *See Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982) (§1983 claim requires the alleged infringement of federal right to be "fairly attributable to the State") (quoting *Lugar v. Edmondson Oil Co.*,

457 U.S. 922, 937 (1982)); *Simescu v. Emmet County Dep't of Soc. Servs.*, 942 F.2d 372, 374 (6th Cir. 1991) (for a private party's conduct to be under color of state law, it must be "fairly attributable to the State"). There is no evidence that the defendants acted on behalf of the state or that the state has "exercised coercive power or provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the State." *Simescu*, 942 F.2d at 374 (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982)). When faced with a motion for summary judgment, it is the plaintiff's burden to make such a showing on an essential element of her claim and she has not done so. *Cox v. Kentucky Dep't of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995) (nonmoving party must present affirmative evidence to defeat a properly supported motion for summary judgment).

To the extent that plaintiff's "wrongful termination" claim is a claim for retaliatory discharge under either Tenn. Code Ann. § 50-1-304 or common law, it is well settled that such a claim is a tort action which requires a lawsuit to be commenced within one year after the cause of action accrued. *Stewart v. Memphis Housing Auth.*, 287 F. Supp.2d 853, 858 (W.D. Tenn. 2003); *Weber v. Moses*, 938 S.W.2d 387, 393 (Tenn. 1996); Tenn. Code Ann. § 28-3-104(a)(1). Even assuming that plaintiff could assert such a claim, she would have known or should have known that an injury had been sustained at the time she sent her complaint to Ms. Nelson in April 2004. Thus, because her complaint was not filed until August 23, 2005, such a claim is time-barred. Alternatively, plaintiff, by her own admission, was not employed by the defendants and therefore cannot have been discharged from her employment. *See Griggs v. Coca-Cola Employees' Credit Union*, 909 F. Supp. 1059, 1063

7

(E.D. Tenn. 1995) (elements of statutory retaliatory discharge claim include plaintiff's status as an employee of the defendant and the employer's discharge of the employee); *Crews v. Buckman Labs. Intern., Inc.*, 78 S.W.3d 852, 862 (Tenn. 2002) (elements of common law retaliatory discharge claim include that an employment-at-will relationship existed and that the employee was discharged).

To the extent that plaintiff seeks to assert a "discrimination" claim under federal law, there is no evidence that plaintiff has filed a charge of discrimination with either the EEOC or the Tennessee Human Rights Commission, which is a prerequisite to filing suit. It is undisputed that a plaintiff intending to assert a claim of discrimination pursuant to the federal discrimination laws must first exhaust her administrative remedies. 29 U.S.C. § 62(d); 42 U.S.C. § 2000e-5; 42 U.S.C. § 12117(a); *Love v. Pullman Co.*, 404 U.S. 522, 523 (1972); *Jones v. Sumser Retirement Village*, 209 F.3d 851, 853 (6th Cir. 2000) (ADA); *Davis v. Sodexho, Cumberland College Cafeteria*, 157 F.3d 460, 463 (6th Cir. 1998) (ADEA); *Ang v. Procter & Gamble Co.*, 932 F.2d 540, 545 (6th Cir. 1991) (Title VII). Because there is no evidence that plaintiff has done so, she cannot pursue a discrimination claim pursuant to federal law.

To the extent that plaintiff seeks to assert a "discrimination" claim under the Tennessee Human Rights Act, such a claim is also barred by the one-year statute of limitations. Tenn. Code Ann. § 4-21-311(d).

To the extent that plaintiff's request for relief for "defamation of character" intended to assert such a claim, an action for libel must be brought within one year from the date that

8

the alleged defamatory language was published. Tenn. Code Ann. § 28-3-104(a)(1); *Riley v. Dun & Bradstreet*, 172 F.2d 303, 308 (6th Cir. 1949). To the extent that plaintiff intended to assert a claim for slander, such action must be commenced within six months after the words are uttered. Tenn. Code Ann. § 28-3-103. Again, assuming that plaintiff was aware of any defamation at the time of her complaint to Ms. Nelson, plaintiff's claim was not timely filed.

To the extent that plaintiff's request for relief for "emotional distress" intended to assert such a claim, claims for emotional distress are subject to the one-year statute of limitations in Tenn. Code Ann. § 28-3-104 and such a claim is time barred. *Mackey v. Judy's Foods, Inc.*, 867 F.2d 325, 329 (6th Cir. 1989).

Thus, the Court has liberally reviewed plaintiff's complaint as to all of the claims arguably asserted and finds that they are barred by the relevant statutes of limitation or are otherwise due to be dismissed for failure to establish a material element of the claim.

## V. Conclusion

For the reasons set forth above, the defendants' motion to dismiss and/or for summary judgment will be granted and plaintiff's complaint will be dismissed with prejudice.

Order accordingly.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE